PER CURIAM.
By a petition for a writ of certiorari, claimant in this workers’ compensation case seeks review of the following order entered by the judge of compensation claims:
THIS MATTER came on before me, the undersigned Judge of Compensation Claims, on the employer/carrier’s Motion to Compel Rehabilitation. Having fully and carefully considered all evidence before me, I hereby find as follows:
1. That employer/carrier’s Motion to Compel Rehabilitation with Nurse Connie M. Kreps for purposes of medical management and control is hereby granted.
2. That claimant’s ore tenus motion for an order stating that the claimant’s attorney must be present at Nurse Kreps [ sic ] meetings with the claimant is hereby denied.
It is undisputed that “Nurse Connie M. Kreps” is an employee of the carrier. Claimant objects to the order as an infringement upon her relationship with her attorney; and as a denial of her right to have her attorney present during conversations between her and an employee of the carrier.
Although the order implies that it is based upon certain “evidence” presented, it is undisputed that no “evidence” of any nature was presented to the judge of compensation claims. Because of this fact, and because of the fact that the order places no limitations on either the nature of the functions which Nurse Kreps is to be permitted to perform or the nature of the contacts which she is to be permitted to have with claimant, health care providers or others, we conclude that the order constitutes a departure from the essential requirements of law. Accordingly, we grant the petition for a writ of certiorari and vacate the order granting the motion to compel rehabilitation.
SMITH, ZEHMER and WEBSTER, JJ., concur.